IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| PATRICIA VILLAREAL, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| v. | § | CIVIL ACTION NO. H-19-0300 |
| | § | |
| CHAMBERLAIN COLLEGE OF NURSING & | § | |
| HEALTH SCIENCES, INC., | § | |
| | § | |
| Defendant. | § | |

**MEMORANDUM OPINION AND ORDER**

Plaintiff Patricia Villareal ("Plaintiff") sued defendant Chamberlain College of Nursing & Health Sciences, Inc. ("Defendant") for breach of contract, money had and received, fraud, and under the Texas Deceptive Trade Practices Act ("DTPA").[1] Pending before the court is Defendant's Motion to Dismiss Plaintiff's Amended Complaint ("Defendant's Motion to Dismiss") (Docket Entry No. 26). For the reasons explained below, Defendant's Motion to Dismiss will be granted.

**I. Factual and Procedural Background**

Defendant is a private institution for higher learning that offers degrees in nursing. Plaintiff enrolled in Defendant's

---

[1]See Plaintiff's First Amended Complaint ("Amended Complaint"), Docket Entry No. 22, pp. 5-7. All page numbers for docket entries in the record refer to the pagination inserted at the top of the page by the court's electronic filing system, CM/ECF.

school seeking a nursing degree in September of 2014.² Plaintiff intended to obtain the degree as a necessary prerequisite to taking the National Council Licensure Examination to become a registered nurse.³ When Plaintiff enrolled in September of 2014 students were required to pass a Capstone Class after three years with an exit exam and were allowed up to three attempts to pass the exit exam.⁴ By February of 2017, when Plaintiff's coursework was nearing its end, Defendant had changed the policy and required students to pass a different exit exam with a second attempt permitted only if the student had not previously failed a course.⁵ Because Plaintiff failed the required exit exam and had previously failed a course, Defendant dismissed her from its program without awarding her a nursing degree.⁶

Plaintiff filed this action on January 28, 2019, alleging claims for breach of contract, money had and received, fraud and deceptive trade practices because of Defendant's modification to the graduation requirements, which Plaintiff alleges prevented her from receiving a nursing degree despite completing all other

---

²Amended Complaint, Docket Entry No. 22, p. 3 ¶ 10.

³Id. at 3-4.

⁴Id. at 3 ¶ 11; Exit Agreement For BSN Students ("Exit Agreement"), Exhibit 1 to Amended Complaint, Docket Entry No. 22-1, p. 1.

⁵Amended Complaint, Docket Entry No. 22, pp. 3-4.

⁶Id. at 4 ¶ 16.

coursework and paying approximately $70,000 in tuition.[7] Defendant moved to dismiss for failure to state a claim under Rule 12(b)(6) on March 28, 2019.[8] The court denied the motion but ordered Plaintiff to amend her complaint.[9] Plaintiff filed her Amended Complaint on June 3, 2019,[10] and on June 17, 2019, Defendant again moved for dismissal under Rule 12(b)(6).[11] Plaintiff responded to the motion on July 24, 2019,[12] and Defendants replied on August 12, 2019.[13]

## II. Standard of Review

The Federal Rules of Civil Procedure permit dismissal when a plaintiff fails to state a claim upon which relief can be granted. Fed. R. Civ. P. 12(b)(6). A Rule 12(b)(6) motion tests the formal sufficiency of the pleadings and is "appropriate when a defendant attacks the complaint because it fails to state a legally cognizable claim." Ramming v. United States, 281 F.3d 158, 161

---

[7]Plaintiff's Original Complaint, Docket Entry No. 1, pp. 4-7.

[8]Defendant's Rule 12(b)(6) Motion to Dismiss, Docket Entry No. 7, p. 1.

[9]Hearing Minutes and Order, Docket Entry No. 19.

[10]Amended Complaint, Docket Entry No. 22.

[11]Defendant's Motion to Dismiss, Docket Entry No. 26, p. 1.

[12]Plaintiff's Response to Defendant's Motion to Dismiss Plaintiff's Amended Complaint ("Plaintiff's Response"), Docket Entry No. 29.

[13]Defendant's Reply in Support of Motion to Dismiss Amended Complaint, Docket Entry No. 30.

(5th Cir. 2001), cert. denied sub nom. Cloud v. United States, 122 S. Ct. 2665 (2002). To defeat a motion to dismiss, a plaintiff must plead "enough facts to state a claim to relief that is plausible on its face." Bell Atlantic Corp. v. Twombly, 127 S. Ct. 1955, 1974 (2007). In ruling on a Rule 12(b)(6) motion the court must "accept the plaintiff's well-pleaded facts as true and view them in the light most favorable to the plaintiff." Chauvin v. State Farm Fire & Casualty Co., 495 F.3d 232, 237 (5th Cir. 2007). Review is limited to the complaint, any documents attached to the complaint, and any document attached to the motion to dismiss that is central to the claims and referred to by the complaint. Lone Star Fund V (U.S.), L.P. v. Barclays Bank PLC, 594 F.3d 383, 387 (5th Cir. 2010).

### III. Analysis

**A. Breach of Contract**

Plaintiff alleges the Defendant breached the parties' agreement that she would pay Defendant tuition and be awarded a degree if she completed the terms of the 2014-15 Academic Catalog under which she first enrolled.[14] Specifically, Plaintiff alleges Defendant breached the contract by changing graduation procedures, which afforded her only one attempt to pass an exit exam instead of three.[15] The parties agree a valid contract exists as stated by the

---

[14]Amended Complaint, Docket Entry No. 22, pp. 4-6.

[15]Id.; Plaintiff's Response, Docket Entry No. 29, pp. 3-4.

terms of the Academic Catalog.[16] See University of Texas Health Science Center at Houston v. Babb, 646 S.W.2d 502, 506 (Tex. App.—Houston (1st Dist.) 1982, no writ) ("[A] school's catalog constitutes a written contract between the educational institution and the patron, where entrance is had under its terms."). Defendant contends this claim must be dismissed because Plaintiff failed to attach a contract and to identify the provisions allegedly breached.[17] Defendant also argues that a provision in the Academic Catalog, which reserves to Defendant the right to modify the terms therein at any time without notice, defeats Plaintiff's breach of contract claim.[18] Plaintiff contends the provision is illusory and unenforceable, and that Defendant was bound by the Academic Catalog and breached the contract by unilaterally altering the graduation requirements.[19]

Construction of an unambiguous contract is a matter of law. Coker v. Coker, 650 S.W.2d 391, 393 (Tex. 1983). While the parties agree the Academic Catalog forms an enforceable contract between Plaintiff and Defendants, courts retain the independent power to identify and apply the proper construction of governing law

---

[16]Defendant's Motion to Dismiss, Docket Entry No. 26, p. 3; Plaintiff's Response, Docket Entry No. 29, p. 3.

[17]Defendant's Motion to Dismiss, Docket Entry No. 26, p. 4.

[18]Id. at 4-5; see 2014-15 Academic Catalog, Exhibit B to Defendant's Motion to Dismiss, Docket Entry No. 26-2, p. 4 ("Chamberlain reserves the right to change the terms and conditions outlined in this catalog at any time without notice.").

[19]Plaintiff's Response, Docket Entry No. 29, pp. 4-5.

-5-

regardless of the particular legal theories advanced by the parties. Kamen v. Kemper Financial Services, Inc., 111 S. Ct. 1711, 1718 (1991). The court may review the Academic Catalog in deciding this motion because it is referred to by and integral to Plaintiff's claims and was attached to Defendant's Motion to Dismiss. Lone Star Fund V, 594 F.3d at 387.

The relationship between a private school and its students is primarily contractual. Eiland v. Wolf, 764 S.W.2d 827, 838 (Tex. App.—Houston [1st Dist.] 1989, writ denied). If a school's academic catalog contains language promising students who begin their study under the catalog will be able to graduate under its terms, the catalog is contractually binding. Babb, 646 S.W.2d at 506. But here Defendant's Academic Catalog contains a disclaimer that Defendant "reserves the right to change the terms and conditions outlined in this catalog at any time without notice."[20] Pursuant to this disclaimer Defendant was not bound by the terms of the Academic Catalog. See Southwell v. University of Incarnate Word, 974 S.W.2d 351, 356 (Tex. App.—San Antonio 1998, pet. denied) (holding a school bulletin containing a disclaimer that it could be changed at any time was not a contract). In this situation an implied contractual relationship exists between the student and the private school, the terms of which are the school's policies and procedures that the student necessarily agrees are subject to

---

[20]2014-15 Academic Catalog, Exhibit B to Motion to Dismiss, Docket Entry No. 26-2, at 4.

-6-

change. See id. at 356 ("The specific terms of [the implied] contract must logically be defined by the college or university's policies and requirements."). Accordingly, the terms of the Academic Catalog form the foundation of the parties' contractual relationship regardless of whether it is the actual contract as they agree or whether it sets forth the terms of an implied contract.

To assert a claim for breach of contract a plaintiff must identify the specific provision of the contract that the defendant allegedly breached. Baker v. Great Northern Energy, Inc., 64 F. Supp. 3d 965, 971 (N.D. Tex. 2014). Plaintiff identifies the Academic Catalog but not any provision within it that bound Defendant to offer her three attempts to pass the exit exam. The Academic Catalog contains no promise that students would have three attempts to pass an exit exam.[21] The only source Plaintiff provides for the three-attempts policy is an "Exit Agreement," dated two months after Plaintiff's enrollment, which required students to acknowledge the school's procedures surrounding the exit examination.[22] Plaintiff does not allege the Exit Agreement binds Defendant; she agrees with Defendant that the Academic Catalog defines their contract. Plaintiff points to no provision in the

---

[21]See 2014-15 Academic Catalog, Exhibit B to Defendant's Motion to Dismiss, Docket Entry No. 25-2, p. 106 (requiring students to pass an exit exam with a minimum score to graduate but not specifying how many attempts would be allowed).

[22]Exit Agreement, Exhibit 1 to Amended Complaint, Docket Entry No. 22-1, p. 1.

Academic Catalog that Defendant breached by changing the number of attempts allowed on the exit exam. Accordingly, because that change is the sole basis for Plaintiff's breach-of-contract claim, the claim fails as a matter of law.

## B. Money Had and Received

Plaintiff alleges an equitable claim for money had and received to recover the $70,000 in tuition she paid without receiving the expected economic benefit in return.[23] Defendant contends this claim cannot proceed because such equitable relief is unavailable when a contract exists over the disputed transaction, and here neither party disputes the existence of a contract.[24]

A claim for money had and received sounds in quasi-contract and unjust enrichment. North Cypress Medical Center Operating Co., Ltd. v. Cigna Healthcare, 781 F.3d 182, 204 (5th Cir. 2015) (citing Fortune Production Co. v. Conoco, Inc., 52 S.W.3d 671, 683 (Tex. 2000). It applies the principles of restitution to disputes that are not governed by a contract between the parties. Edwards v. Mid-Continent Office Distributors, L.P., 252 S.W.3d 833, 837 (Tex. App.—Dallas 2008, pet. denied). To prevail on this claim Plaintiff must show the Defendant holds money which in equity and good faith is the Plaintiff's. Best Buy Co. v. Barrera, 248 S.W.3d 160,

---

[23]Amended Complaint, Docket Entry No. 22, pp. 6-7.

[24]Defendant's Motion to Dismiss, Docket Entry No. 26, pp. 8-9; Defendant's Reply in Support of Motion to Dismiss, Docket Entry No. 30, pp. 6-7.

162-63 (Tex. 2007) (per curiam). Quasi-contract recovery is generally precluded where an express, valid agreement covers the subject matter of the parties' dispute. Cigna Healthcare, 781 F.3d at 204.

The parties agree that their dispute arises under a contract embodied by the 2014-15 Academic Catalog. The Academic Catalog sets the graduation requirements of the degree and contains an express warning that the terms of graduation were subject to change at any time, and the parties necessarily entered their contract with that understanding. See Southwell, 974 S.W.2d at 356. Because Plaintiff's claim is based on the terms of the Academic Catalog, and thus the parties' contract, Plaintiff has no equitable claim for money had and received.

Plaintiff argues that her equitable claim may be pleaded in the alternative.[25] But alternative pleading of equitable claims is only permitted where one party disputes the existence of a contract. TIB--The Independent BankersBank v. Canyon Community Bank, 13 F. Supp. 3d 661 (N.D. Tex. 2014). Because the parties agree that a contract exists, Plaintiff's claim for money had and received fails as a matter of law.

## C. Fraud and Deceptive Trade Practices

Plaintiff alleges the Defendant violated the DTPA by (1) causing confusion or misunderstanding as to the source,

---

[25]Plaintiff's Response, Docket Entry No. 29, p. 8.

sponsorship, approval or certification of its nursing program, and (2) representing that the contractual arrangement conferred rights, remedies, or obligations that it did not have or involve.[26] See Tex. Bus. & Com. Code § 17.46(b)(2),(12). A DTPA claimant must show not only that deceptive conduct occurred but also that the claimant relied on it and subsequently suffered an injury. Id. § 17.50(a). Plaintiff also alleges fraud.[27] Common law fraud in Texas requires:

> (1) that a material representation was made; (2) the representation was false; (3) when the representation was made, the speaker knew it was false or made it recklessly without any knowledge of the truth and as a positive assertion; (4) the speaker made the representation with the intent that the other party should act upon it; (5) the party acted in reliance on the representation; and (6) the party thereby suffered injury.

D'Onofrio v. Vacation Publications, Inc., 888 F.3d 197, 218 (5th Cir. 2018) (quoting Aquaplex, Inc. v. Rancho La Valencia, Inc., 297 S.W.3d 768, 774 (Tex. 2009).

Defendant contends Plaintiff has failed to plead her fraud and DTPA claims with sufficient particularity.[28] A party alleging fraud "must state with particularity the circumstances constituting fraud." Fed. R. Civ. P. 9(b). Federal courts have consistently held that claims under the Texas Deceptive Trade Practices Act must

---

[26]Amended Complaint, Docket Entry No. 22, p. 5.

[27]Id. at 7.

[28]Defendant's Motion to Dismiss, Docket Entry No. 26, pp. 7-8.

also satisfy Rule 9(b)'s particularity requirement. E.g., Gonzalez v. State Farm Lloyds, 326 F. Supp. 3d 346, 350 (S.D. Tex. 2017); SHS Investment v. Nationwide Mutual Insurance Co., 798 F. Supp. 2d 811, 815 (S.D. Tex. 2011). At minimum, allegations must include the time, place, and contents of the alleged false representations, as well as the identity of the person making the misrepresentation and what was fraudulently obtained. Benchmark Electronics, Inc. v. J.M. Huber Corp., 343 F.3d 719, 724 (5th Cir. 2003).

The Academic Catalog states the students are required to pass an exit exam to graduate, but not how many times a student may attempt the exam.[29] The only specific communication identified by Plaintiff's Amended Complaint is the Exit Agreement dated two months after she enrolled, which states students would be permitted up to three attempts to pass the exit exam.[30] But Plaintiff pleads only generally that Defendant, a corporation, told her at school while she was enrolled there over a three-year span that she would have three opportunities to pass the exit examination. Plaintiff provides no details as to her receipt of the Exit Agreement or any other communication from Defendant.[31] Nor does Plaintiff provide

---

[29] 2014-15 Academic Catalog, Exhibit B to Defendant's Motion to Dismiss, Docket Entry No. 26-2, pp. 104, 106.

[30] Exit Agreement, Exhibit 1 to Amended Complaint, Docket Entry No. 22-1, p. 1.

[31] Amended Complaint, Docket Entry No. 22, pp. 5, 7.

more than conclusory allegations that any communications were false or induced her to enroll in Defendant's nursing program. Plaintiff has not pled her fraud and DTPA claims with sufficient particularity as to the circumstances of fraud, and those claims fail as a matter of law.

D.   **Plaintiff's Request for Leave to Amend Will Be Denied**

At the end of her Response to Defendant's Motion to Dismiss, Plaintiff requests leave to amend by stating:

> Should the Court grant any portion of the Defendant's Motion to Dismiss, Plaintiff requests leave to amend her complaint. Leave to amend "shall be freely given when justice so requires." F.R.C.P. 15(a). Leave to amend should not be denied without reason, such as undue delay, bad faith or dilatory motive on the part of the movant. Forman v. Davis, 371 U.S. 178, 182 (1962). Plaintiff has not previously amended her complaint and granting Plaintiff leave to amend would not unduly delay the case.[32]

Federal Rule of Civil Procedure 15(a)(2) states that "[t]he court should freely give leave [to amend] when justice so requires." "Although Rule 15[a] 'evinces a bias in favor of granting leave to amend,' it is not automatic." Matter of Southmark Corp., 88 F.3d 311, 314 (5th Cir. 1996), cert. denied, 117 S. Ct. 686 (1997) (quoting Wimm v. Jack Eckerd Corp., 3 F.3d 137, 139 (5th Cir. 1993)). "A decision to grant leave is within the discretion of the trial court. Its discretion, however, is not broad enough to permit denial if the court lacks a substantial reason to do so."

---

[32] Plaintiffs' Response, Docket Entry No. 29, p. 9.

Id. (citing State of Louisiana v. Litton Mortgage Co., 50 F.3d 1298, 1302-1303 (5th Cir. 1995) (per curiam)). The Fifth Circuit has held that in exercising its discretion, a court may consider various criteria including, inter alia, the failure to cure deficiencies by amendments previously allowed and futility of the proposed amendment. Id. at 314-15 (citing Foman v. Davis, 83 S. Ct. 227, 230 (1962)).

Plaintiff has already amended her complaint once.[33] Because Plaintiff has already had an opportunity to file an amended complaint, because Plaintiff filed a detailed response to Defendant's Motion to Dismiss in which she argued that her Amended Complaint was sufficient to withstand Defendant's Motion to Dismiss, and because Plaintiff has failed either to submit a proposed second amended complaint or to describe additional facts that could be alleged in such a complaint, the court concludes that the Plaintiff has pled her best case, and that allowing Plaintiff the opportunity to file another pleading would do nothing but prolong the inevitable. Accordingly, Plaintiff's request for leave to amend will be denied.

## IV. Conclusion and Order

For the reasons explained above, Plaintiff has failed to state a claim for which relief may be granted. Defendants' Motion to

---

[33]Amended Complaint, Docket Entry No. 22.

Dismiss Plaintiff's Amended Complaint (Docket Entry No. 26) pursuant to Rule 12(b)(6) is therefore **GRANTED**, and this action will be dismissed with prejudice.

**SIGNED** at Houston, Texas, on this 27th day of September, 2019.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE